IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF EDDIE JAMES MILLER, by and through RUTH MILLER MCADAMS, Administratix and next-of-kin, | }<br>}<br>}<br>} |
| Plaintiff, | } Case No.: CV 03-P-021-S<br>}<br>} |
| v. | }<br>} |
| STATE OF ALABAMA, et. al., | }<br>} |
| Defendants. | }<br>} |

## MEMORANDUM OPINION

The case is before the court on the Motions to Dismiss of defendants Mike Hale and Jim Woodward (Docs. #2, 13); the Motions to Dismiss of defendant Jefferson County (Docs. # 4, 14); the Motions to Dismiss of defendant State of Alabama (Docs. # 6, 8); and the Motion to Stay of defendants Hale and Woodward (Doc. # 20). The issues raised therein have been fully briefed by the parties and are now ripe for decision. A hearing on the above-referenced motions was held on November 24, 2003. Upon due consideration, the motions to dismiss of defendants Hale and Woodward and the State of Alabama are due to be granted and the motions to dismiss of defendant Jefferson County are due to be denied. Given the court's decision to dismiss defendants Hale and Woodward, the motion to stay discovery is moot.

**I.      Facts of the Case**

The plaintiff Ruth Miller McAdams, the decedent's Administratix and next of kin, asserts claims on behalf of the Estate of Eddie James Miller against defendants the State of Alabama (the "State"); Jefferson County, Alabama doing business as Cooper Green Hospital (the "County");

Sheriffs Mike Hale[1] and Jim Woodward (the "Sheriffs"); Naphcare; and several individual employees who work at the Bessemer location of the Jefferson County jail. (Doc. # 12). The plaintiff's amended complaint includes a federal claim of deliberate indifference, presumably under 42 U.S.C. § 1983 although it is not entirely clear from the complaint's allegations, as well as state law claims for wrongful death, medical malpractice under the Alabama Medical Liability Act, and loss of companionship and support of the decedent's two minor children. (*Id.*, at Counts I-IV). The plaintiff's claims arise from the death of Eddie James Miller, who was arrested on January 1, 2001, allegedly for unpaid fines, and detained in the Jefferson County Jail in Bessemer, Alabama. (*Id.*, at ¶ 9). The plaintiff claims that Miller developed pneumonia shortly after he was incarcerated and, although his condition rapidly worsened, Miller was not examined by a nurse until January 5. (*Id.*). Miller was taken to Cooper Green Hospital on January 6, where he died the morning of January 7. (*Id.* at ¶¶ 9-10). The plaintiff seeks only monetary relief, attorney's fees, and costs. (*Id.*).

## II. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving

---

[1] Although the plaintiff sued only Woodward by name, Mike Hale succeeded Woodward as Sheriff on January 1, 2003, and is substituted automatically for Woodward in this action. FED. R. CIV. P. 25(d)(1).

party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory [s]he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

### III.  The Sheriffs' Motions to Dismiss

The Sheriffs assert that all of the plaintiff's federal and state law claims against them are due to be dismissed, and the court agrees for the following reasons.

#### A.  State Law Claims

The Sheriffs claim the protection of sovereign immunity from the plaintiff's state law claims. It is well-established that, pursuant to Article I, § 14 of the Alabama Constitution, sheriffs are state agents and as such have sovereign immunity in both their individual and official capacities from state law claims for money damages. ALA. CONST. art. I, § 14 (providing that "the State of Alabama shall never be made a defendant in any court of law or equity"); *see also Ex parte Cranman*, 792 So.2d 392, 398 (Ala. 2000); *McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996), *aff'd, McMillan v. Monroe County*, 520 U.S. 781, 793 (1997); *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996). The plaintiff seeks only monetary relief in this case and, therefore, the court finds that the plaintiff's claims of wrongful death, medical malpractice, and loss of companionship are due to be dismissed

3

under the doctrine of sovereign immunity.

The court is not impressed with the plaintiff's arguments in opposition to the Sheriffs' defense of sovereign immunity. The plaintiff's first assertion that the Sheriffs are not state officers, and thus are not due immunity, (Doc. # 7, at 1), directly contradicts the Alabama Constitution and the large body of Alabama Supreme Court case law interpreting it. ALA. CONST. art. I, § 14, art. V, § 112; *Cranman*, 792 So.2d at 396 n.2; *Ex parte Purvis*, 689 So. 2d 794, 795-96 (Ala. 1996); *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991). In addition, the Eleventh Circuit has held that the "sheriff acts exclusively *for the state* rather than for the county in operating a county jail." *Turquitt v. Jefferson Cty., Ala*, 137 F.3d 1285, 1288 (11th Cir. 1998) (emphasis added). This court cannot usurp the law it is bound to follow and subject the Sheriffs to a suit for money damages in order to "curtail[] sweeping State agent immunity," as the plaintiff urges it to do. (Doc. # 7, at 7). It is well-settled that the immunity to which a sheriff is entitled is unique and *absolute* and the exceptions to the immunity enjoyed by other state agents do not apply to sheriffs. *Cranman*, 792 So.2d at 396 n.2. The Sheriffs are entitled to immunity from all of the plaintiff's state law claims.

Woodward and Hale assert other viable reasons why the plaintiff's state law claims cannot stand on their merit: (1) the plaintiff's wrongful death claim does not assert any action or inaction by Woodward or Hale, (2) the plaintiff's medical malpractice claim is not directed to the Sheriffs because the Alabama Medical Liability Act does not apply to sheriffs under ALA. CODE § 6-5-484, and (3) under *Patterson v. Hays*, 623 So.2d 1142, 1146 (Ala. 1993), the plaintiff's loss of companionship claim cannot be brought (and, in this case, *was not brought*) by the decedent's minor

children.[2] (Doc. # 3, at 5-6). All of these reasons provide additional rationale and support for dismissal of the plaintiff's state law claims against the Sheriffs.

### B. Federal Claim

The plaintiff's § 1983 claim of deliberate indifference is asserted against the Sheriff "whether he was acting in his official capacity [or] for himself individually." (Doc. # 12, at ¶ 17). For the reasons outlined below, the claim against the Sheriffs is due to be dismissed in *both capacities*.

#### 1. Official Capacity.

A claim for money damages against a state actor in his official capacity under § 1983 is not appropriate because, in his official capacity, the state actor is not a "person" within the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government that employs them."); *Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989) (same). Moreover, as the Eleventh Circuit explained, "Alabama sheriffs are considered arms of the state and protected by sovereign immunity in suits against them in their official capacity . . . . The Sheriff can be subject to suit only in h[is] individual capacity [under § 1983], to which []he might be entitled to qualified immunity." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc). Thus, to the extent the plaintiff has brought a deliberate indifference claim against the

---

[2] The only plaintiff to this lawsuit is the Estate, by and through the administratrix and next of kin, Ruth Miller McAdams. (Doc. # 12, at 2). Although the loss of consortium claim is premised on losses suffered by the decedent's minor children, they are not parties to the lawsuit and thus cannot bring a claim. (Doc. # 12). Moreover, even if the children were plaintiffs to this lawsuit, under Alabama law a minor child cannot prosecute a loss of consortium claim for injuries to his parent. *Patterson*, 623 So.2d at 1146.

Sheriffs in their official capacities under § 1983, that claim is due to be dismissed.

### 2. **Individual Capacity**.

As to the plaintiff's federal claim against the Sheriffs in their individual capacities, Woodward and Hale claim the defense of qualified immunity. Qualified immunity utilizes an "objective reasonableness standard, giving a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). The Eleventh Circuit has cautioned that, "[b]ecause qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir.1994). "We generally accord ... official conduct a presumption of legitimacy." *United States Department of State v. Ray*, 502 U.S. 164, 179 (1991).

Under the qualified immunity doctrine, government officials performing discretionary functions are immune from suit unless the alleged conduct violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). "Clearly established" rights must be "developed [] in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Only Supreme Court, Eleventh Circuit, and Alabama Supreme Court cases can "clearly establish" the law in this Circuit. *Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003).

The analysis of qualified immunity and the Rule 12(b)(6) standard are intertwined. *GJR Investments, Inc.*, 132 F.3d at 1366; *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995). "If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." *GJR Investments, Inc.*, 132 F.3d at 1367. Thus, before reaching the qualified immunity issue, the court must first determine whether the plaintiff has stated a claim under Rule 12(b)(6).

**Rule 12(b)(6) Analysis.** Federal Rule of Civil Procedure 8 provides in part that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

The Sheriffs argue that the low pleading threshold of Rule 8 has been raised for claims based upon 42 U.S.C. § 1983 and they urge this court to apply a heightened standard to the plaintiff's complaint. (Doc. # 3, at 11 (relying on *GJR Investments, Inc.*, 132 F.3d at 1367)). In *GJR Investments, Inc.*, the Eleventh Circuit "tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." 132 F.3d at 1367.

However, recently in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court held that complaints in employment discrimination cases, as in most other cases, must only satisfy

7

the notice pleading requirement of Rule 8(a). *Swierkiewicz*, 534 U.S. at 513. In *Swierkiewicz*, the Court reiterated its holding in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993): "'[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius*.'" *Swierkiewicz*, 534 U.S. at 513 (emphasis in original). At oral argument in this case, the Sheriffs cited to the post-*Swierkiewicz* Eleventh Circuit case of *Dalrymple v. Reno*, 334 F.3d 991 (11th Cir. 2003), as evidence that the Eleventh Circuit still intends for a heightened pleading requirement to apply to civil rights cases, especially those involving the defense of qualified immunity. *Dalrymple*, 334 F.3d at 996. In *Dalrymple*, the court found that the plaintiffs' allegations of a causal connection failed "to meet the heightened pleading requirements for civil rights cases involving qualified immunity." 334 F.3d at 996-97.

The court need not try to reconcile *Dalrymple* and *Swierkiewicz*, however, because the court finds that, under either a heightened pleading standard or the notice pleading requirement of Rule 8(a), the plaintiff's amended complaint fails to state a claim for deliberate indifference. As discussed in more detail below, the plaintiff fails to plead *any facts*, much less facts with particularity, that would support a deliberate indifference claim.

In *Marsh v. Butler County, Alabama*, 268 F.3d 1014 (11th Cir. 2001), the Eleventh Circuit sitting en banc outlined the objective elements of a deliberate indifference claim as follows. "First, an objectively substantial risk of serious harm to prisoners must exist . . . .Second, once it is established that the official is [subjectively] aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." 268 F.3d at 1028-29 (citing *Farmer v. Brennan*,

511 U.S. 825 (1994))(internal citations omitted). In addition to objective risk, subjective awareness, and objective unreasonable reaction, the plaintiff must demonstrate that the constitutional violation caused his injuries. *Id.* Under § 1983, supervisory officials, like the Sheriff, cannot be held liable for the acts of employees on the basis of *respondeat superior*. *Geter v. Willie*, 846 F.2d 1352, 1354 (11th Cir. 1998). Thus, unless the plaintiff alleges that the Sheriffs personally participated in, or at least were aware of, a failure to provide care to Miller, the Sheriffs' potential liability can be only policymaker liability or fault for failure to train or supervise employees. *Marsh*, 268 F.3d at 1035.

The plaintiff's allegations in her amended complaint fail to put forth even *one* fact that, if true, would support the elements of a deliberate indifference claim against the Sheriffs. In this case, although Mike Hale automatically replaced Woodward in the official capacity of "Sheriff," *see* discussion *supra* footnote 1, the plaintiff sued only Woodward individually by name. (Doc. # 12, at 1). However, to the extent the plaintiff asserts individual claims against Sheriff Hale in this case, they are due to be dismissed because Hale became the Sheriff two years after the plaintiff's injuries occurred. (Doc. # 3, at 1). Hale cannot be individually liable for policies he did not devise or any action or inaction that occurred before he took office.

As for her claim against former Sheriff Woodward, at oral argument the plaintiff pointed to paragraphs 7, 12, 17, 18, and 19 of her amended complaint, (Doc. # 12, at 2,4), as evidence that she has stated a claim of individual liability for deliberate indifference. The court, with the assistance of counsel, methodically scrutinized the allegations contained in the identified portions of the amended complaint. That examination revealed only boilerplate legal conclusions; not *one* of the five paragraphs alleges a *single* action or inaction on the part of Woodward that suggests he personally participated in the events leading up to Miller's death. Not one of the five paragraphs

9

alleges the development, implementation, or adoption by Woodward of a policy, much less facts from which a fact-finder could determine that the Sheriff actually knew prior to January 1, 2001[3] that such policy posed a sufficiently substantial risk of serious harm to inmates.[4] *See Marsh*, 268 F.3d at 1036.

When the plaintiff's paltry allegations in this case are contrasted with the overwhelming factual evidence set forth by Counts I and II of the *Marsh* complaint, alleging deliberate indifference by the sheriff to jail conditions,[5] there can be no doubt that the plaintiff's amended complaint in this case falls far short of the pleading requirement for deliberate indifference under either a heightened pleading standard or the notice pleading requirement of Rule 8(a). In fact, the plaintiff's claim in this case is strikingly similar to Count III of the *Marsh* complaint, alleging deliberate indifference by the sheriff to plaintiff Owens's serious medical needs. *Marsh*, 268 F.3d at 1035. The Eleventh Circuit found that Owens failed to state a claim in Count III because he failed to allege personal

---

[3] According to the plaintiff's complaint, January 1, 2001 was the date of Miller's incarceration and thus, any alleged policymaking on the part of the Sheriffs, and any actual knowledge that the policy posed substantial risk, must have occurred before that date.

[4] At oral argument the plaintiff stated that "failure to provide medical attention" is the unconstitutional policy she claims. Despite this clarification, the plaintiff's complaint contains no facts to support that Woodward developed, implemented, or adopted any such policy.

[5] In *Marsh*, the Eleventh Circuit found that the first element of deliberate indifference as to jail conditions was met because the plaintiffs alleged *eleven* facts that suggested the jail conditions created a substantial risk of harm to an inmate including overcrowding, understaffing, nonfunctional locks, readily available homemade weapons, and lack of discipline and segregation, among others. *Marsh*, 268 F.3d at 1029. As to the second element, the plaintiffs sufficiently alleged that the Sheriff was aware of the risk by detailing her receipt of inspection reports outlining the jail conditions, her knowledge of numerous complaints and requests for assistance from prisoners and prisoners' lawyers, and the filing of a prior lawsuit seeking relief from the very same conditions that were the subject of the *Marsh* complaint. *Id.* Finally, the plaintiffs claimed that the Sheriff took no action to alleviate the conditions and that the jail conditions caused their injuries. *Id.*

10

participation by the sheriff or that the sheriff was aware of the circumstances of Owens' medical condition. 238 F.3d at 1035. Moreover, although Owens did allege that the sheriff had a policy of releasing sick inmates and that the policy was "developed and implemented . . . with deliberate indifference to the medical needs of Owens after his assault" (which is more than the plaintiff alleged in this case), the court nevertheless dismissed the claim because Owens alleged no facts to demonstrate "that the Sheriff–on or before [the date of the alleged assault on Owens]–was aware of earlier violations of Eight and Fourteenth Amendment rights flowing from this kind of policy . . . ." 238 F.3d at 1036. The plaintiff's amended complaint is this case fails to state a deliberate indifference claim against Woodward in his individual capacity and, accordingly, her claim is due to be dismissed for that reason alone.

**Qualified Immunity Analysis.** Moreover, even if the plaintiff's amended complaint stated an otherwise valid claim for deliberate indifference, Woodward can still assert that he is entitled to qualified immunity. To overcome the defense of qualified immunity, the plaintiff must demonstrate that facts surrounding the alleged violation in this case are "materially similar" to the facts of a preexisting case rendered by the Supreme Court, Eleventh Circuit, or Alabama Supreme Court such that the alleged violation in this case was "clearly established" as a constitutional violation at the time of the incident. *Marsh*, 268 F.3d at 1032-1033. "Because fair and clear notice to government officials is the cornerstone of qualified immunity, courts must diligently analyze the preexisting case law to determine whether it really did provide plain notice to every reasonable government official that the pertinent conduct, in the specific circumstances, would clearly violate preexisting federal law." *Id.* at 1031.

It is axiomatic that the plaintiff's failure to plead *any* facts surrounding the alleged violation in this case is fatal to her claim against Woodward because she cannot overcome qualified immunity. *GJR Investments, Inc.,* 132 F.3d at 1367. A deliberate indifference claim hinges on the "duty-to-act reasonably," although "[a] 'duty-to-act-reasonably' standard, by itself, is almost always too general a proposition to give meaningful notice to a public official that what he, in the specific circumstances, is doing violates established law." *Id.* Without any facts to compare the alleged violation in this case with preexisting, materially similar federal law, Woodward's conduct is afforded a "presumption of legitimacy" and this court cannot, and will not, strip Woodward of qualified immunity. *United States Department of State v. Ray,* 502 U.S. 164, 179 (1991); *see also Lassiter v. Alabama A & M University, Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994). Because the plaintiff's complaint fails to state a claim of deliberate indifference, and because Woodward is due qualified immunity, the plaintiff's federal claim against Woodward is due to be dismissed.

### IV. **The State's Motions to Dismiss**

The State claims that this court lacks subject matter jurisdiction over it in this case for two reasons. First, like the Sheriffs, the State argues that the plaintiff's state law claims are barred by sovereign immunity under Article I, § 14 of the Constitution of Alabama. The Alabama Supreme Court makes clear that "the State and its agencies have absolute immunity from suit in any court." *Phillips v. Thomas,* 555 So.2d 81, 81 (Ala. 1989). Second, as to the plaintiff's federal claim, the State is due the protection of the Eleventh Amendment to the United States Constitution which bars suits against a state by citizens of another state or by that state's own citizens. U.S. CONST. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 663 (1974); *Hans v. Louisiana,* 134 U.S. 1, 13-15 (1890).

Congress has not abrogated the state's immunity from suits for monetary relief under § 1983. *Edelman*, 415 U.S. at 676-77.

The law is clear that the State is not a proper defendant to either the plaintiff's state law or federal claims for money damages in this case. Accordingly, the court finds that, under both the Alabama Constitution and the Eleventh Amendment, the State has absolute immunity and therefore the claims against the State in this case are due to be dismissed.

## V.     **Jefferson County's Motions to Dismiss**

The court indicated at oral argument that it was not inclined to grant Jefferson County's motions to dismiss because it was not persuaded by the County's bald assertion that it is due qualified immunity, "good faith immunity," and/or discretionary function immunity. (Docs. # 4, 14, at 3). Moreover, any concern of the court that the plaintiff's allegations against Jefferson County do not meet the Rule 8(a) notice pleading requirement was alleviated by the parties' agreement that the plaintiff will amend her complaint and replead the allegations against Jefferson County with further specificity and clarification. Accordingly, at this time, the County's motion to dismiss is due to be denied, without prejudice. The plaintiff is cautioned to carefully consider her claims and is advised that the court will consider any additional motions to dismiss filed on behalf of the remaining defendants if the plaintiff's second amended complaint does not meet the requirements of Rule 8(a).

## VI.    **Conclusion**

Based on the foregoing, the court determines that the motions to dismiss of the Sheriffs and the State are due to be granted and the claims against them dismissed with prejudice. Therefore, the

Sheriffs' motion to stay is moot. The motions to dismiss of defendant Jefferson County are due to be denied. By agreement of the parties, the plaintiff will confer with counsel for Jefferson County and will amend her complaint. The remaining parties will proceed with discovery. A separate order shall be entered.

      **DONE** and **ORDERED** this \_\_\_2nd\_\_\_ day of January, 2004.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE